**OGBURN ORCHARD CO. v. BOZEMAN et al.**
(No. 1796.)

(Court of Civil Appeals of Texas. Texarkana.
April 12, 1917.)

SCHOOLS AND SCHOOL DISTRICTS &#x6bbf;37(5)—
CREATION OF DISTRICT—VALIDITY.

Though the order of the commissioners' court attempting to transfer 1,000 acres from school district No. 44, to No. 51, was void as the former contained less than nine square miles, it was validated by Acts 33d Leg. c. 129 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815).

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 67.]

Appeal from District Court, Wood County; R. M. Smith, Judge.

Suit by the Ogburn Orchard Company against R. E. Bozeman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Upon the ground that it would be compelled to pay taxes wrongfully levied on its land, the appellant sought by its suit to enjoin the issuance and sale by the commissioners' court of certain schoolhouse bonds previously voted for that purpose in school district No. 44 of Wood county. The case was tried before the court, resulting in a judgment for the defendants. The trial judge made the following findings of fact and conclusions of law:

"I find that the Merrimac school district No. 44 of Wood county was materially changed, resurveyed, defined, and re-established, by order of commissioners' court of date May 12, 1909, containing 3,333 acres of land, including the 1,000 acres of the E. Rehorse survey of land in question in this cause.

"I find that the Ogburn school district was created by order of commissioners' court of Wood county of date 13th day of May, 1910, containing 5,778 acres which did not include the 1,000 acres of the E. Rehorse survey of land in controversy in this cause.

"I find that on July 30, 1910, an election was held in the Ogburn district No. 51 for the issuance of school bonds, which resulted in favor of the issuance of the bonds, and that the territory included in said district at the time of the election and issue and sale of said bonds did not include the 1,000 acres of the E. Rehorse land in controversy.

"I find that about April, 1912, the commissioners' court of Wood county made an order taking the 1,000 acres of the said Rehorse survey out of the Merrimac school district and placing same in the Ogburn school district, and that the boundaries including the said 1,000 acres of the Rehorse survey were recorded in the record of 'School District Boundaries' of Wood county, following and on same page as the original boundaries of the Ogburn district and over the same date as the former boundaries of the Ogburn district and over the same date as the former boundaries, May 13, 1910.

"I find that at same time, about April, 1912, the boundaries of the Merrimac district were entered, leaving out the 1,000 acres of the Rehorse survey, on same page of 'Record of School District Boundaries' as the original boundaries of the Merrimac and over the same date as original boundaries of said district, May 12, 1909.

"I further find that on June 7, 1912, the commissioners' court of Wood county, Tex., entered an order on its minutes rescinding its former order of about April, 1912, taking the 1,000 acres of the said survey out of the Merrimac district, and by said order of June 7th placed said 1,000 back into the said Merrimac district.

"I find that on September 18, 1915, an election for the issuance of school bonds was held in the Merrimac school district, including the 1,000 acres in its territory, which resulted in the issue of said bonds enjoined in this cause; that the minutes of the commissioners' court of Wood county, containing the order transferring the 1,000-acre Rehorse survey from the Merrimac district to the Ogburn district, and the subsequent order rescinding this order, were never signed by the county judge of Wood county when these orders were made by the commissioners' court.

"I find further that part of the town of Ogburn is situated on the 1,000-acre Rehorse survey in controversy, and that a large part of said Rehorse survey is nearer the Ogburn schoolhouse than it is the Merrimac schoolhouse.

"Conclusions of Law.

"That any question as to legal status of district No. 44, as defined and re-established by the order of May 12, 1909, has been settled in favor of the said district by subsequent validating acts of the Texas Legislature.

"That the order of the commissioners' court of Wood county attempting to transfer the 1,000-acre Rehorse survey from said district No. 44 to Ogburn district No. 51 was void for the reason that it undertook to transfer territory from a district that contained less than nine square miles of territory, and that it is therefore immaterial as to whether or not the rescinding order referred to above was void on account of irregularities. That the 1,000-acre Rehorse survey in controversy is in district No. 44, and not in district No. 51. That district No. 44 is a legal and valid district. That the election held in said district No. 44 in September, 1915, for the issuance of bonds, was in all things a legal and valid election, and that the injunction here-

tofore granted in this cause should be dissolved, and it is so ordered."

R. B. Howell, of Winnsboro, and Harris & Britton, of Quitman, for appellant. M. D. Carlock, of Winnsboro, for appellees.

LEVY, J. (after stating the facts as above). School district No. 44, known as the Merrimac school district, and school district No. 51, known as the Ogburn school district, are contiguous school districts in Wood county. The appellant is the owner of a 1,000-acre tract of land on the E. Rehorse survey, and claims that the said land is located in the Ogburn school district No. 51, while the appellees contend that the said tract of land is located in Merrimac school district No. 44, and that same is subject to taxation in the latter district. The question entirely depends, it is thought, upon whether or not the order of the commissioners' court transferring the said tract of land from said district No. 44 to the said district No. 51 was void. It is believed that it should be so held, as the trial court did, and for the reasons given by the trial court. Whatever of irregularities and vagueness existed in the order of the commissioners' court creating school district No. 44, the Acts of 1913, p. 259, validated the same, for the act provides:

"Provided, that all school districts in this state heretofore laid out and attempted to be established by the proper officers of any county, and heretofore recognized by said county authorities as school districts of said county, are hereby validated in all respects, as though they had been duly and legally established in the first instance."

It follows that appellant's land would not be subject to taxation except in school district No. 44.

The other assignments do not present error such as would require reversal of the case.

Affirmed.